SOUTHERN EXPRESS COMPANY v. FREEZE.

Opinion delivered December 8, 1919.

1. CARRIERS—TITLE TO GOODS DELIVERED TO CARRIER.—Title to goods delivered to a carrier remained in the consignor where there had been no sale.

2. CARRIERS—DELIVERY TO WRONG PERSON.—A carrier is guilty of negligence in delivering a shipment to a person other than the consignee where there was nothing about the shipment to indicate that the person receiving it had any right thereto.

3. CARRIERS—INSUFFICIENCY OF EVIDENCE TO SHOW AGENCY.—In an action against an express company for wrongful delivery, evidence *held* insufficient to constitute the person to whom the shipment was delivered an agent for the consignee to receive shipment.

Appeal from Craighead Circuit Court, Jonesboro District; *R. H. Dudley,* Judge; affirmed.

*E. L. Westbrook,* for appellant.

Freeze had no authority to sue; delivery to the carrier was delivery to the consignee, and Freeze was not the consignee nor owner. 105 Ark. 53-57; 111 *Id.* 521; 118 *Id.* 17; 127 *Id.* 607; 115 *Id.* 221. Freeze was not the party in interest, and was not entitled to recover because of his carelessness in taking the word of a man in whose integrity he stated he had no confidence, and he was negligent in making the shipment.

*Basil Baker* and *Horace Sloan,* for appellee..

1. The appeal was not taken within six months after judgment. Kirby & Castle's Dig., § 1314. .

2. The rule that delivery to the carrier is delivery to the consignee does not apply when no contract of sale existed under which title could pass. 10 C. J., p. 228, § 17; 63 Md. 179; 8 Cranch, 253; *Ib.* 354; 9 *Id.* 183.

3. The so-called negligence of Freeze in not calling up Gregory personally before shipment does not affect the liability of appellant. 134 N. Y. 62; 47 Ark. 335-9.

SMITH, J. Appellee, who is in the meat business in Jonesboro, shipped by the appellant express company a consignment of meat to John Gregory at Truman, Ark-

ansas, which was delivered to one V. E. Safley, who upon its receipt signed the name of Gregory by himself. It was shown at the trial from which this appeal was prosecuted that Gregory knew nothing of the shipment and gave Safley no authority either to receive it or to sign his name upon its receipt.

Judgment was rendered against the express company for the value of the meat, and a reversal of that judgment is asked here on two grounds: First, that appellee has no right to sue; and, second, the express company is absolved from liability for the misdelivery of the shipment because of appellee's negligence in making the shipment.

In opposition to appellee's right to maintain this suit cases are cited to the effect that the delivery of goods to a carrier for the purpose of shipment is a delivery to the consignee, and, on the authority of these cases, it is said that the title to this shipment passed out of the shipper upon its delivery to the express company. The cases cited are not in point here for the reason that the consignee disclaims any interest in or title to the shipment. If there was no sale, the title remained in the consignor.

The negligence of appellee is said to consist in shipping the goods without verifying Safley's authority to place the order for them. It appears that appellee had been making C. O. D. shipments of meat to Safley, who was not regarded by appellee as being entitled to credit. Safley called appellee over the 'phone and advised that he and Gregory had formed a copartnership and asked appellee if he would ship meats to this copartnership. Appellee advised that he would extend credit to Gregory and would ship meats to his order. Thereupon Safley ordered that the shipment in question be made to Gregory, and that was done. Gregory and Safley had not formed a copartnership, and had no business connections whatever except that Safley rented from Gregory the building in which he operated a butcher shop.

It is said that appellee was negligent in failing to secure a confirmation of this order from Gregory before

making the shipment. We do not think, however, that appellee was guilty of any conduct which deprived him of his right to expect that the shipment would be delivered to the consignee and to no other person. There was nothing about the shipment to indicate that Safley had any right to receive it, and delivery should have been made, therefore, only to the consignee. *C., R. I. & P. Ry. Co.* v. *Pfeifer,* 90 Ark. 524.

On his cross-examination Gregory testified as follows:

"Q. Didn't you receive a shipment of eggs there from the Graves Commission Company, at Cabool, Missouri, that had been ordered by Mr. Safley?

"A. No, sir; I ordered the eggs myself.

"Q. Do you remember when this case was tried in the justice of the peace court?

"A. Yes, sir.

"Q. Didn't you state there that these eggs were ordered from the Graves Commission Company, and that Mr. Safley got them out of the express office and signed your name for it, by himself as agent?

"A. I don't remember. He didn't unless I gave him authority to."

We think this testimony insufficient to constitute Safley an agent for Gregory to receive shipments consigned to Gregory without the knowledge or consent of Gregory.

The cause was submitted to the court sitting as a jury, and judgment was rendered against the express company for the value of the meats.

No error appearing, that judgment is affirmed.